```
                                                    11/5/2003  **FILED**  16:57
                                                              SA01-19244JB
                                                    DEBTOR:
                                                              HOUSE2HOME INC
Joseph L. Steinfeld, Jr., DC SBN 297101, MN SBN 0266292; VA SBN 186608
                                                    JUDGE: James N. Barr
Joseph A. Hess, NY Reg #2594547, DC SBN 449039 - Primary Attorney
A·S·K FINANCIAL                                     TRUSTEE:
2600 Eagan Woods Drive, Suite 220                   CHAPTER: 11   AD03-02374
Eagan, MN 55121                                     ----------------------------------------
Telephone: (651) 406-9665 ext. 213  Fax: (651) 406-9676  CLERK, U. S. BANKRUPTCY COURT
e-mail: jhess@askfinancial.com                      CENTRAL DISTRICT OF CALIF.  ID: E-F
                                                    RECEIPT NO:   SA-012235   $ 150.00
A·S·K FINANCIAL
18653 Ventura Boulevard, #361                       Summons Issued  12/18/2003
Tarzana, California 91356                           Answer Date  2/17/2004
Telephone: (877) 746-4275                           Hrg. Date  05/20/2004  at  10:00 AM
\c-pr.h2h - F:\WP\MM\H2H\COMP\C-WAT009.WPD
Attorneys For Plaintiff, House2Home, Inc., Reorganized Debtor
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>House2Home Inc,<br>Debtor. | Bk. No. SA 01-19244 JB<br><br>Chapter 11<br><br>Adv No. |
| House2Home, Inc., Reorganized Debtor,<br>Plaintiff,<br>vs.<br>Water Wonders, Inc.,<br>Defendant, | **COMPLAINT TO RECOVER MONEY OR PROPERTY**<br><br>[To Avoid and Recover Transfers of Property, [11 U.S.C. §§ 547-550] |

Plaintiff, House2Home, Inc., Reorganized Debtor of the Bankruptcy Estate of House2Home, Inc, (hereinafter referred to as "Plaintiff" or "Reorganized Debtor"), alleges as follows:

**JURISDICTIONAL ALLEGATIONS**

1. This adversary proceeding arises out of and is related to the above-captioned case pending before this United States Bankruptcy Court. Therefore, this Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334 and General Order No. 266 of the United States District Court for the Central District of California. The causes of action set forth herein involve the determination, allowance and amount of claims pursuant to 11 U.S.C. §§ 547 and 550, and, as such, constitute "core" proceedings pursuant to 28 U.S.C. § 157(b)(2).

**1/E-F**

2.     Venue is based on 28 U.S.C. §§ 1408 and 1409.

3.     This bankruptcy case was commenced by the filing on November 7, 2001 ("Petition Date") of a petition under Chapter 11, title 11 of the United States Code. House2Home, Inc., is the Revested Debtor pursuant to the "Order Confirming Chapter 11 Plan of Liquidation" entered on September 25, 2003, and is authorized thereunder to commence this suit on behalf of the estate.

4.     Plaintiff is informed and believes, and on that basis alleges, that Water Wonders, Inc. ("Defendant") is a corporation organized under the laws of the State of California.

5.     By this complaint, Plaintiff seeks to recover all Transfers made to Defendant within the Preference Period, all unauthorized transfers avoidable under 11 U.S.C. § 549, and all fraudulent conveyances avoidable under 11 U.S.C. § 548.

**FIRST CLAIM FOR RELIEF**
**(TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547)**

6.     On or within 90 days before the Petition Date, that is between August 9, 2001 and November 7, 2001 (the "Preference Period") House2Home Inc ("Debtor") made one or more transfers by check, wire transfer, or the equivalent in an aggregate amount not less than $46,120.50 (hereinafter collectively referred to as "the Transfer(s)") directly to or for the benefit of the Defendant. Attached hereto as Exhibit "A" and incorporated herein by this reference is a list of the Transfer(s) presently included in the Transfers total. Plaintiff will amend its complaint to add additional Transfers, if any, that are subsequently discovered.

7.     Defendant was a creditor of the Debtor at the time of the Transfers within the meaning of 11 U.S.C. § 101(10)(A). At the time of the Transfers Defendant had a right to payment on account of an obligation owed to Defendant by the Debtor.

8.     The Transfer (s) was/were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfer(s) either reduced or fully satisfied a debt then owed by the Debtor to Defendant.

9.     The Transfer(s) was/were made on account of an antecedent debt because the Transfer(s) were on account of a debt obligation for which the Debtor was legally bound to pay before the Transfer(s) was/were made.

10. The Debtor was insolvent throughout the Preference Period within the meaning of the Bankruptcy Code, in that the sum of its debts was greater than the fair value of its assets. *See*, 11 U.S.C. § 101(32)(A), 11 U.S.C. § 547(b)(3).

11. With respect to the Transfer(s), Defendant received more on account of its debt than if Debtor's case were under Chapter 7 of the Bankruptcy Code, the Transfer(s) had not been made, and Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code because, under such scenario, Defendant would not have received full payment with respect to such debt, nor even as much remuneration as the amount of the Transfer(s).

12. In accordance with the foregoing, the Transfer(s) are avoidable pursuant to 11 U.S.C. § 547(b).

**SECOND CLAIM FOR RELIEF**
**(TO RECOVER POST PETITION TRANSFERS, 11 U.S.C. § 549)**

13. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 10, inclusive, as if fully set forth herein.

14. To the extent that one or more of the Transfers identified in Paragraph 5 cleared after the Petition Date, or any other tranfers not identified on Exhibit "A" cleared after the Petition Date ("Post-Petition Transfers"), such transfers were unauthorized Post-Petition Transfers and are avoidable pursuant to 11 U.S.C. § 549 (a).

15. The Post-Petition Transfers, if any, were not authorized by the court or Title 11 of the United States Bankruptcy Code.

**THIRD CLAIM FOR RELIEF**
**(TO RECOVER FRAUDULENT TRANSFERS PURSUANT**
**TO 11 U.S.C. § 548 (a)(1)(B)**

16. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 15, inclusive, as if fully set forth herein.

17. As to any Transfer(s) that was/were not on account of an antecedent debt owed to Debtor, Plaintiff alleges on information and belief that the Debtor received less than a reasonably equivalent value in exchange for such Transfer(s) ("Potentially Fraudulent Transfers"), and

   A. The Debtor was insolvent on the date that the Transfer(s) was/were made or

1  became insolvent as a result of the Transfer(s), or

2        B.  At the time of the Transfer(s), the Debtor was engaged in business or a
3  transaction, or was about to engage in business or a transaction, for which any property remaining
4  with the Debtor was an unreasonably small capital; or

5        C.  At the time of the Transfers The Debtor intended to incur, or believed that the
6  Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

7     18.  The Potentially Fraudulent Transfer(s) can be avoided pursuant to 11 U.S.C. § 548
8  (a)(1)(B).

9

10  **FOURTH CLAIM FOR RELIEF**
    **(TO RECOVER AVOIDED TRANSFERS AGAINST DEFENDANT**
11  **FOR THE BENEFIT OF THE ESTATE UNDER 11 U.S.C. § 550)**

12     19.  Plaintiff incorporates each and every allegation contained in paragraphs 1 through 16,
13  inclusive, as if fully set forth herein.

14     20.  The Transfer(s), to the extent that they are avoided pursuant to 11 U.S.C. § 547, may
15  be recovered by Plaintiff pursuant to 11 U.S.C. § 550(a)(1).

16     21.  The Post-Petition Transfers, if any, to the extent that they are avoided pursuant to 11
17  U.S.C. § 549, may be recovered by Plaintiff pursuant to 11 U.S.C. § 550(a)(1).

18     22.  The Potentially Fraudulent Transfers, if any, to the extent that they are avoided
19  pursuant to 11 U.S.C. § 548, may be recovered by Plaintiff pursuant to 11 U.S.C. § 550(a)(1).

20

21  **RELIEF REQUESTED**

22  WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

23  1.  The Transfers, Post-Petition Transfers, if any, and Potentially Fraudulent Transfers,
24      if any, be avoided and set aside (collectively, All Avoided Transfers");

25  2.  Plaintiff shall recover from Defendant All Avoided Transfers, together with
26      prejudgment interest thereon at the legal rate allowed under 28 U.S.C. § 1961 from
27      the date of each transfer.

28  3.  An award of costs incurred in this suit;

1      4.     Such other and further relief as this Court may deem necessary and proper.

4      Dated: November 2, 2003

5      A·S·K FINANCIAL

7      By     \s\ *Joseph A. Hess*
           Joseph L. Steinfeld, Jr., Joseph A. Hess
8            Special Counsel For Reorganized Debtor

**A·S·K FINANCIAL**
Insolvency Financial & Collection Legal Services

18653 Ventura Blvd., # 361
Tarzana, CA  91356
PHONE: 818 609-9268
FAX: 818 609-9686

2600 Eagan Woods Drive, Suite 220
Eagan, MN  55121
PHONE:  651 406-9665
FAX:  651 406-9676

Los Angeles
Minneapolis
New York

# CHECK REGISTER
### TRANSFERS DURING PREFERENCE PERIOD

Defendant: **Water Wonders, Inc.**
Bankruptcy Case: House2Home Inc / 99-4457
Preference Period: August 9, 2001 - November 7, 2001

| Check No. | Clear Date | Check Amount |
|---|---|---|
| 799461 | August 29, 2001 | $25,747.50 |
| 799734 | August 31, 2001 | $389.50 |
| 803861 | September 28, 2001 | $19,420.85 |
| 804127 | October 1, 2001 | $562.65 |
| Total Check(s): 4 | **Total Amount:** | $46,120.50 |

\

| B. 104 (Rev. 8/99) | **ADVERSARY PROCEEDING SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Address | Address |

| ATTORNEYS (Firm Name, Address, and Telephone Number) **Bar ID:** | ATTORNEYS (if known) **Bar ID:** |
|---|---|
| Telephone #           Fax # | Telephone #           Fax # |

PARTY (Check one box only)      1  U.S. PLAINTIFF      2  U.S. DEFENDANT      3  U.S. NOT A PARTY

CAUSE OF ACTION  (Write a brief statement of cause of action, including all U.S. statutes involved)

### NATURE OF SUIT
(Check the one most appropriate box only)

- 454 To recover money or property
- 435 To determine validity, priority, or extent of a lien or other interest in property
- 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- 424 To object or to revoke a discharge 11 U.S.C. § 727
- 455 To revoke an order of confirmation of a Chapter 11 or Chapter 13 Plan
- 426 To determine the dischargeability of a debt 11 U.S.C. § 523
- 434 To obtain an injunction or other equitable relief
- 457 To subordinate any allowed claim or interest except where such subordination is provided in a Plan
- 456 To obtain a declaratory judgment relating to any of the foregoing causes of action
- 459 To determine a claim or cause of action removed to a bankruptcy court
- 498 Other (specify)

| **ORIGIN OF PROCEEDING** (Check one box only) | 1 Original Proceeding | 2 Removed Proceeding | 4 Reinstated or Reopened | 5 Transferred from Another Bankruptcy Court | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| **DEMAND** | NEAREST THOUSAND $ | OTHER RELIEF SOUGHT | JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR | BANKRUPTCY CASE NUMBER | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING Central District of California | DIVISIONAL OFFICE | NAME OF JUDGE |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NUMBER |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| **FILING FEE** (Check one box only) | FEE ATTACHED | FEE NOT REQUIRED | FEE IS DEFERRED |
|---|---|---|---|

| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) /S/ |
|---|---|---|

B-104
(Rev. 8/99)

**ADVERSARY PROCEEDING COVER SHEET (Reverse Side)**

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the Court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the Clerk of the Court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the Clerk of the Court for each complaint filed. The form is largely self-explanatory.

**Parties.** The names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. § 544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

1. Original Proceeding.
2. Removed from a State or District Court.
4. Reinstated or Reopened.
5. Transferred from Another Bankruptcy Court.

**Demand.** On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000, enter "1," for $10,000, enter "10," for $100,000, enter "100," if $1,000,000, enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000, enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case In Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and six-digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee.) There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.